IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robin Lynn Williams, | ) |
|      Plaintiff, | ) C/A No. 9:17-cv-01206-MBS |
| v. | ) |
| Nancy A. Berryhill, | ) **ORDER AND OPINION** |
| Acting Commissioner of Social Security, | ) |
|      Defendant. | ) |

On May 9, 2017, Plaintiff Robin Lynn Williams ("Plaintiff") filed the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of Defendant Acting Commissioner of Social Security (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB").

## I. PROCEDURAL HISTORY

Plaintiff filed her DIB application on March 7, 2013, alleging disability beginning December 4, 2013.[1] R. 146. Plaintiff's application was denied initially on May 8, 2013, and upon reconsideration on July 23, 2013. R. 146. A hearing was held before an Administrative Law Judge ("ALJ") on January 6, 2015, at which Plaintiff and a vocational expert testified. *Id.* at 28-94. The ALJ issued her decision on March 22, 2015. *Id.* at 146-63. The ALJ determined that Plaintiff has the following severe impairments: degnerative disc disease and myofascial pain syndrome. *Id.* at 149. The ALJ also determined that Plaintiff has the following non-severe impairments: fibromyalgia, rheumatoid arthritis, myofascial pain syndrome, carpel tunnel syndrome, and asthma. *Id.* at 150. The ALJ found that Plaintiff did not have an impairment or combination of impairments

---

[1] Plaintiff previously had filed an application for DIB, which was on December 3, 2010. R. 29.

that met or equaled a listing set forth in 20 C.F.R. Pt. 404, subpt. P, App. 1. The ALJ further found that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), and that while "some of the [Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms[, . . . ] the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. 153. The ALJ noted that the record contained no updated studies, that the progress notes prepared by Plaintiff's treating physician, Neal Goldberger, M.D., showed Plaintiff had good flexion extension, and side rotation of her lumbar spine, no significant tenderness over her cervical facets to palpitation, good and equal strength throughout both upper and lower extremities. *Id.* at 156-58. The ALJ observed that Dr. Goldberger's notes regarding Plaintiff's myofascial pain syndrome, lumbar nerve root irritation, and cervical nerve root irritation were not supported by medical evidence. *Id.* at 158. Thus, the ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act. *Id.* at 163. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 30, 2016, making the ALJ's decision the "final decision" of the Commissioner. *Id.* at 1-5.

Plaintiff challenges the ALJ's decision on two grounds: (1) the ALJ failed to properly evaluate the opinion evidence, and (2) the ALJ made inconsistent findings regarding Plaintiff's impairments. ECF No. 8. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. On June 7, 2018, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision to deny benefits be affirmed. ECF No. 12. Plaintiff filed objections to the Report and Recommendation on June 21, 2018, to which the Commissioner filed a reply on July 3, 2018.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 4059(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application

of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## III. DISCUSSION

Plaintiff was born on August 31, 1963 and was forty-nine years old on the day of her alleged disability date onset date. R. 161. She has a high school education and has past work experience as an account manager/executive. R. 161. Plaintiff alleges disability due to a slip and fall accident that occurred in 2006. R. 35. Plaintiff's accident resulted in lumbar discectomy surgery in October 2007 and cervical disc fusion surgery in March 2009. R. 35. Plaintiff further alleges that she has extreme muscle fatigue, muscle spasms, and numbness due to steroid injections, R. 36, and also has carpal tunnel, bilateral carpal tunnel, and nerve damage in her left arm and left leg, R. 58.

A.  Objection One: Opinion of Plaintiff's Treating Physician

Pursuant to 20 C.F.R. § 404.1527(c), the Commissioner will evaluate every medical opinion received and ordinarily will accord greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. The ALJ gave Dr. Goldberger's opinions little weight because of "their inconsistency with each other, his treatment notes, and the record as a whole." R. 159. The ALJ then specified instances to support this statement. *Id.* at 159-60. The Magistrate Judge found no reversible error in the ALJ's decision. ECF No. 12, 7 (citing *Poling v. Halter*, No. Civ. A. 1:00CV40, 2001 WL 34630642, at *7 (N.D.W. Va. Mar. 29, 2001) ("It is the duty of the ALJ, rather than the reviewing court, to assess the evidence of record and draw inferences therefrom.")).

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly evaluated the opinion of Plaintiff's treating physician, Dr. Goldberger. ECF No. 14, 1. Plaintiff contends that the

Magistrate Judge "does not address the fact that myofascial pain, and fibromyalgia, cause tenderness and produce essentially normal findings." *Id*. at 2. Plaintiff further alleges that the ALJ's reasoning for giving little weight to Dr. Goldberger's opinion is inconsistent with the record. *Id.* at 4. Plaintiff asserts that she is not attempting to re-weigh the evidence, as the Magistrate Judge suggests, but is instead requesting remand to the Commissioner for further consideration. *Id.*

Plaintiff relies on *Godwin v. Colvin*, C/A No. 4:15-cv-1953, 2016 WL 5425011 (D.S.C. Sept. 29, 2016), and *Smith v. Colvin*, C/A No. 1:14-cv-4400-BBH, 2016 WL 1089302 (D.S.C. Mar. 21, 2016). In *Godwin*, the court found that the ALJ failed to point to substantial evidence to support his decision to deny the opinion of a doctor who treated plaintiff over several years for fibromyalgia. *Godwin*, 2016 WL 5425011, at *12. Accordingly, the Commissioner's decision was reversed and remanded for further administrative action. *Id.* at *13. In *Smith*, the court found that the ALJ erroneously relied on a lack of objective medical evidence to evaluate Plaintiff's fibromyalgia. *Smith*, 2016 WL 5425011, at *8. Specifically, the *Smith* court found that the ALJ's analysis failed to account for Plaintiff's testimony detailing her subjective complaints of fibromyalgia. *Id*. The Commissioner's decision was reversed and remanded for the Commissioner to reevaluate the severity of Plaintiff's fibromyalgia.

The court finds that *Godwin* and *Smith* are distinguishable from the present case. Here, the ALJ noted the lack of objective medical evidence to support Plaintiff's diagnosis; however, the ALJ also considered Plaintiff's testimony and provided an explanation for giving Dr. Goldberger's opinion little weight with respect to Plaintiff's fibromyalgia diagnosis. R. 150, 155. Particularly, the ALJ noted that "at the hearing [Plaintiff] testified that she had a longstanding history of fibromyalgia and rheumatoid arthritis, dating back to when she was in her 20's." R. 150. The ALJ noted that "she was able to work for decades with these impairments." *Id.* The ALJ further noted

5

that "[Plaintiff] also testified that she has not had any recent treatment for these impairments." *Id.* The ALJ found that while "[t]here was no supporting objective testing or imaging, yet Plaintiff continued to receive injections and refills of her medications from Dr. Goldberger." *Id.* at 156. The ALJ noted that "[a]lthough the [Plaintiff] testified that the injection and medication did not fully relieve her pain, she reported to Dr. Goldberger that the medications, were, in fact, helping." *Id.*

As the Magistrate Judge noted, "the ALJ found that Plaintiff's medical evidence and records, including updated evidence and medical records from Dr. Goldberger, did not show that Plaintiff's condition had significantly worsened or become disabling since the date of her prior decision through the date she was last insured for disability benefits (December 31, 2012)." ECF No. 12, 6. The ALJ evaluated the opinion of Dr. Goldberg as follows:

> I have considered the opinions of Dr. Goldberger but have given the opinions little weight due to their inconsistency with each other, his treatment notes, and the record as a whole. Dr. Goldberger completed a Physical Capacities Evaluation dated October 28, 2014, in which he indicated that the claimant could not sit, stand or walk longer than one hour in an eight-hour workday. He opined that the claimant could lift and carry zero to five pounds frequently and five to ten pounds occasionally. Dr. Goldberger indicated that the claimant could never bend, squat, crawl, or climb and could occasionally reach above shoulder level. He noted that the claimant would have moderate environmental restrictions. In the evaluation, Dr. Goldberger noted that he based his opinion on a MRI. However, there was no updated MRI submitted into the current medical record. He seemed to rely on a now 5 year old MRI, and offered the same opinion he had previously. How could a Doctor base an opinion on such outdated medical evidence? Furthermore, Dr. Goldberger stated that the claimant "has cognitive issues secondary to medication." Oddly, none of Dr. Goldberger's treatment notes during the alleged disability period indicate that the claimant had cognitive problems or any side effects from medications.

R. 159.

The court finds that the Magistrate Judge did not err in finding that the ALJ's conclusions with regard to Dr. Goldberger's opinion were supported by substantial evidence.

B.     Objection Two: Inconsistent Findings Regarding Plaintiff's Impairments

As noted on page 1, *supra*, the ALJ characterized Plaintiff's myofascial pain as both a "severe" impairment, R. at 149-50, and a "nonsevere" impairment, *id.* at 151. The Magistrate Judge found that "[t]he ALJ's discussion and analysis of the medical evidence and the extent of Plaintiff's pain is consistent and is not contradictory." ECF No. 12, 12. The Magistrate Judge noted that "the ALJ's inclusion of myofascial pain syndrome as a 'severe' impairment in the heading of his Finding of Fact number 3 would appear to be no more than a typographical error that certainly does not warrant a reversal of this case." *Id*. The Magistrate Judge concluded that "even if this court were to find that the ALJ committed an error in her characterization of Plaintiff's claim of myofascial pain syndrome, it was harmless under the facts of this case because the ALJ considered all of Plaintiff's impairments as part of the sequential evaluation of Plaintiff's claim." *Id.* at 13. Plaintiff objects to the Magistrate Judge's determinations.

The ALJ found Plaintiff's claims of degenerative disc disease and myofascial pain syndrome would cause more than a minimal effect on Plaintiff's ability to perform basic work activities, and, as such, they are severe within the meaning of 20 C.F.R. § 404.1520(c). However, the ALJ also observed that, according to Dr. Goldberger, Plaintiff had some tenderness in her outer thigh muscles and muscles in the area from her hip to her buttocks, but never mentioned what trigger points were involved, never performed tilt testing, or provided information as to the cause of the muscle pain. R. at 150. The ALJ further noted that, according to Dr. Goldberger, Plaintiff had no weakness in her extremities, and her strength was 5/5, including her legs. *Id.* at 151. The ALJ then found Plaintiff's myofascial pain syndrom to be non-severe. *Id.*

The ALJ then considered all Plaintiff's medically determinable impairments to determine whether Plaintiff meets or equals Listings. The ALJ considered Plaintiff's myofascial pain

7

syndrome as similar to fibromyalgia. Under SSR 12-2p, an applicant must provide objective medical evidence to establish the presence of the medically determinable impairment of fibromyalgia. When a person claims to experience fibromyalgia, the diagnosis must be supported by "longitudinal records reflecting ongoing medical evaluation and treatment from acceptable medical sources[.]" *Id.* The ALJ found that "the record shows several diagnosis of myofascial pain syndrome, but there is no laboratory findings in the record to support the existence of such condition. There is no evidence that Dr. Goldberger obtained updated imaging studies, conducted laboratory tests, or administered tender point testing during physical examinations to support his diagnosis of myofascial pain syndrome." *Id.* at 152. The ALJ determined that Plaintiff's myofascial pain syndrome does not met or equal a listing. *Id.* The ALJ then considered whether Plaintiff had an impairment or combination of impairments that met or medically equaled the severity of a listed impairment, and found that the treatment notes did not support Dr. Goldberger's diagnosis of myofascial pain syndrome.

The court concludes that the ALJ intended to treat myofascial pain syndrome as a non-severe impairment, and that the Magistrate Judge did not err in finding substantial assistance to support the ALJ's decision. *See Weber v. Massanari*, 156 F. Supp. 2d 475 (E.D. Pa. 2001) (noting that although the ALJ inconsistently described Plaintiff's mental impairments as both "severe" and "non-severe," it is clear from a careful reading of the decision that the ALJ unequivocally found that Plaintiff's depression is a non-severe impairment); *see also Henderson v. Colvin*, No. C15-0081, 2016 WL 4599920, at *17 (N.D. Iowa 2016) (finding that the ALJ's classification of Plaintiff's osteoarthritis both as a severe and non-severe impairment is a clear inconsistency, but a typographical error when reviewing the ALJ's decision as a whole).

8

## IV.  CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the Report and Recommendation, and Plaintiff's objections as well as Defendant's reply, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

September 5, 2018

Charleston, South Carolina